IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-02224-MSK-MEH

CENTRAL GARDEN & PET COMPANY,

    Plaintiff,

v.

PALADIN COMMERCIAL GROUP, LLC,

    Defendant.

---

# ORDER DENYING MOTION TO DISMISS
---

**THIS MATTER** comes before the pursuant to the Defendant's Motion to Dismiss **(# 10)** the Plaintiff's Civil Theft Claim, the Plaintiff's response **(# 17)**, and the Defendant's reply **(# 25)**. Also pending are several motions that appear to have been mooted by stipulation.[1]

Reduced to its essence, the Complaint **(# 1)** alleges that the Defendant was retained by North American ("North American") Industries Corp. to collect sums owed to North American by Home Depot. On April 26, 2006, the Plaintiff acquired the assets of North American. The Plaintiff continued to sell products to/through Home Depot thereafter, and thus, incurred debts

---

[1] Docket # 29 is a motion to dismiss cross-claims by the Defendant against former cross-defendant Home Depot U.S.A., Inc. That motion was rendered moot by the parties' stipulation **(# 75)** dismissing the Defendant's cross-claims against Home Depot.
    Docket # 30 is a motion to dismiss cross-claims by the Defendant against former cross-defendant Fisher Capital Partners, Ltd. That motion was rendered moot by the parties' stipulation **(# 74)** dismissing the Defendant's cross-claims against Fisher.
    Docket # 62 is a motion to dismiss cross-claims by the Defendant against former cross-defendant North American Industries Corp. That motion was rendered moot by the parties' stipulation **(# 76)** dismissing the Defendant's cross-claims against North American.

owed to it by Home Depot.  However, the Plaintiff did not retain the Defendant to collect the sums owed to it by Home Depot after April 26, 2006.  Nevertheless, the Defendant collected $1.2 million in funds owed to the Plaintiff by Home Depot and tendered them to North American.  Ultimately, North American and the Defendant returned some of the funds to the Plaintiff, but the Defendant retained $293,276, claiming that sum as a fee for its services.

The Plaintiff asserts three claims in this action: (i) "money had and received," which actually appears to be a claim for unjust enrichment, insofar as "[Defendant] wrongfully obtained money from a third-party . . . which was then due and owing to [the Plaintiff]"; (ii) a hybrid claim which appears to assert both common-law conversion and statutory civil theft in violation of C.R.S. § 18-4-405; and (iii) negligence, in that the Defendant breached its duty of care in collecting funds for which it was not authorized.

The Defendant moves **(# 10)** to dismiss that portion of the second claim that alleges statutory civil theft.  It argues that the Plaintiff has not pled that the Defendant's collection of the funds would constitute the crime of theft because Home Depot voluntarily relinquished the funds to the Defendant.

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party.  *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  The plaintiff must offer sufficiently specific factual allegations that, if taken as true, "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  On the other hand, simply pleading "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* The Court must limit its review to the four corners of the Complaint, but may also consider documents attached to the Complaint as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as unattached documents which are referred to in the Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

Here, the only challenged claim is the Plaintiff's claim for civil theft under C.R.S. § 18-4-405. That statute provides that "The owner [of property obtained by theft, robbery, or burglary] may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property." To state a civil claim under this statute, the Plaintiff must "prove that the taker committed acts constituting at least one of the statutory crimes listed." *West v. Roberts*, 143 P.3d 1037, 1040 (Colo. 2006) (internal quotes omitted), *citing Itin v. Ungar*, 17 P.3d 129, 134 (Colo. 2000). The statute itself does not define the term "theft," but that term is understood in accordance with its definition in C.R.S. § 18-4-401(1). *Id.* The definitional section defines the crime of theft to consist of three elements: (i) knowingly obtaining or exercising control over anything of value of another; (ii) without authorization, or with authorization obtained by threat or deception; and (iii) one of several culpable mental states, including intending to permanently deprive the owner of the use of the property or demanding improper consideration as a condition of returning the property. C.R.S. § 18-4-401(1)(a),(d). Thus, a theft may occur when one takes property without the owner's authorization or where the

owner's authorization to part with the property is obtained by means of the taker's deception.[2]

*Id.*

Here, the Complaint states that "North American contracted with [the Defendant] to collect amounts owed by Home Depot for sales . . . prior to April 26, 2006," but that "[the Defendant] was not engaged by [the Plaintiff] to collect revenues owed by Home Depot . . . subsequent to April 26, 2006." *Docket #* 1, ¶ 14, 15. It goes on to allege that, without the Plaintiff's "authority or consent," the Defendant "obtained from Home Depot more than $1,200,000.00 owing and belonging to [the Plaintiff]." *Id.*, ¶ 16. The Plaintiff "notified [the Defendant] it was not authorized to engage in such acts . . . and demanded that [the Defendant] return . . . all amounts obtained." *Id.*, ¶ 25. The Defendant refused the Plaintiff's demand for return of the funds, keeping approximately $293,000 of the funds "as a fee." *Id.*, ¶ 19.

The Court finds that these allegations are sufficient to state a claim for civil theft under C.R.S. §18-4-405. The Complaint adequately alleges that the Defendant knowingly obtained property that belonged to the Plaintiff when the Defendant collected funds from Home Depot that were owed to the Plaintiff. The Complaint alleges that the Defendant's collection of those funds was without the Plaintiff's consent or approval. Finally, although the Complaint does not plead sufficient facts to permit the inference that the Defendant obtained the funds from Home Depot with the specific intent of permanently depriving the Plaintiff of them (as opposed to

---

[2]The Colorado Supreme Court in *West* went on to find that, in cases involving sales of goods subject to UCC § 2-403 (defining the rights of a good-faith buyer in ordinary course), the UCC provision trumps the civil theft statute, such that "'theft' in that provision does not include any theft in which an owner voluntarily relinquishes property to a thief under a transaction of purchase." 143 P.3d at 1045. Because the transaction at issue in this case involves the collection of a debt, not the sale of goods, neither the UCC nor the specific holding of *West* controls.

having mistakenly believed the funds belonged to North American), the Complaint does allege that the Defendant later demanded consideration it was not entitled to – a "fee" – before it would return the funds to the Plaintiff. This is sufficient to allege theft under C.R.S. § 18-4-401(1)(d). *See e.g. People v. American Health Care, Inc.*, 591 P.2d 1343, 1345 (Colo. App. 1979) (even if taker's initial control of the property was authorized, "the intent to deprive may arise at a later time when control is no longer authorized").

The Defendant argues in reply that "what matters is that Home Depot voluntarily paid [the Defendant] and [the Defendant] did not obtain it through theft, robbery, or burglary." This is wrong for at least two reasons. First, it relies upon an improper conclusion of law – that "theft . . . does not encompass larceny by trick or fraud." *Docket # 25 at 2, citing Keybank v. Mascarenas*, 17 P.3d 209, 214 (Colo. App. 2000). As the Colorado Supreme Court in *West* expressly stated, its conclusion in that case "necessitat[ed] overturning *Keybank*," at least "to the extent that it suggests that a distinction between theft and fraud exists within our criminal code."[3] 143 P.3d 1040 n. 3. Second, the Defendant ignores settled law that permits the requisite intent to commit theft to arise after the property has been permissibly obtained. C.R.S. § 18-4-401(1)(d). Even assuming that the Defendant properly obtained the funds from Home Depot, it engaged in theft when it demanded that the Plaintiff pay consideration – the "fee" – for the return of the funds when the Defendant was not legally entitled to such consideration.

---

[3]Curiously, the Defendant's motion and reply cite to *West* and *Keybank* as supporting the proposition that "Colorado's civil theft statute does not include any theft in which an owner voluntarily relinquishes property to a thief." The Defendant has clearly misinterpreted the holding of *West*.

Accordingly, the Defendant's Motion to Dismiss **(# 10)** is **DENIED**. The motions at Docket # 29, 30, and 62 are **DENIED AS MOOT**, as the movants are no longer parties.

Dated this 19th day of August, 2008

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge